**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DAVID JAMES POINDEXTER, JR., a/k/a
Frank, a/k/a Malik, a/k/a Derrick
Carter,
Defendant-Appellant.

No. 99-4055

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-98-137)

Submitted: June 17, 1999

Decided: June 25, 1999

Before MURNAGHAN and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Monica K.
Schwartz, Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David James Poindexter, Jr., pled guilty to possession of crack cocaine with intent to distribute, <u>see</u> 21 U.S.C. § 841(a) (1994), and received a sentence of 100 months imprisonment. His attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), raising two issues but stating that in his view there are no meritorious issues for appeal. Poindexter has filed a pro se supplemental brief in which he offers further argument on the same issues raised by his attorney. After a review of the record, we affirm.

Poindexter made two controlled sales of crack to a confidential informant, after which his home was searched under a warrant. State drug agents found crack in the living room. In the bedroom, they found more crack in the pocket of Poindexter's jacket, a loaded .38 caliber firearm under the bed, a box of ammunition, and a set of scales. Poindexter made no objection to the presentence report, which recommended a two-level enhancement for possession of a dangerous weapon, <u>see U.S. Sentencing Guidelines Manual</u> § 2D1.1(b)(1) (1998), and the district court duly included the enhancement in the calculation of the guideline range. The enhancement is required if a weapon is present during the offense "unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n.3).

In the <u>Anders</u> brief, Poindexter's attorney first suggests that the enhancement was plain error because the government failed to offer proof that it was not clearly improbable that the firearm was connected to the drug offense and, second, suggests that the district court may have committed plain error in not stating its reasons for making the enhancement. However, we have previously held that proximity of firearms to illegal drugs is sufficient to trigger the enhancement. <u>See United States v. Harris</u>, 128 F.3d 850, 852 (4th Cir. 1997). Con-

2

sequently, the district court did not plainly err in making the enhancement. Because Poindexter made no objection to the presentence report, no specific findings were required. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990). We have considered the additional argument on these issues in Poindexter's supplemental brief and find it unpersuasive.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

AFFIRMED